## No. 924

## OWENS v. OWENS

Ohio Appeals, 6th Dist., Lucas Co.

No. 1566. Decided June 26, 1926

413. DIVORCE & ALIMONY—1. Where husband inherits $600,000, a judgment allowing one third thereof as alimony and fund for support of minor child is not against the weight of the evidence.

2. Not province of reviewing court to fix the amount to be awarded as alimony, but to determine whether the amount adjudged in the trial court is manifestly against the weight of the evidence.

RICHARDS, J.

Florence Owens brought an action in the Lucas Common Pleas against her husband, John Owens for divorce and alimony. The husband filed a cross petition making counter-

charges against the wife and asked that a divorce be adjudged to him.

The Common Pleas Court granted the wife a divorce on the grounds of gross neglect of duty and extreme cruelty, and adjudged that she was entitled to the custody of a minor child. Permanent alimony in the sum of $150,-000 was rendered in her favor with an additional $50,000 to be kept in trust for the benefit of the child.

Error was prosecuted from this judgment, it being claimed that it was manifestly against the weight of the evidence; and the Court of Appeals held:

1. A reveiewing court should be slow to reverse a judgment on the weight of the evidence, it not having an opportunity to personally observe witnesses while testifying.

2. If certain evidence introduced is entitled to credence, the wife's conduct was far from being above criticism; but the trial judge found that it did not go to the extent that would bar her from being entitled to a divorce.

3. While opposed to liberality in granting divorces, it cannot be said that there was not sufficient evidence upon which to grant a divorce to her.

4. The husband having inherited $600,000 by the death of his father, the lower court apportioned one-third of that amount to the wife as alimony and for the establishment of a fund for the support of the child.

5. It is not the province of this court to fix the amount to be awarded as alimony; but only to determine whether the amount allowed in the trial court is or is not manifestly against the weight of the evidence; and the amount adjudged in this case is not manifestly against the weight of the evidence.

Judgment therefore affirmed.

Attorneys—Hackett & Lynch for plaintiff; Fraser, Hiett & Wall and W. W. Campbell for deft.; all of Toledo.

Note—Motion to certify overruled, Nov. 3, 1925; 3 Abs. 690.